**Kyle UNDERWOOD, Respondent,**

v.

**The DIRECTOR OF the MISSOURI DEPARTMENT OF CORRECTIONS and The Chairman of the Missouri Board of Probation and Parole, Appellants.**

**No. WD 66415.**

Missouri Court of Appeals, Western District.

Feb. 27, 2007.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City Stephen David Hawke, Office of Attorney General, Jefferson City, for Appellant.

Daniel E. Hunt, Jefferson City, for Respondent.

RONALD R. HOLLIGER, Judge.

The Missouri Department of Corrections appeals an order in mandamus directing that Kyle Underwood be considered for

parole prior to completion of forty percent of his sentence. Underwood pled guilty to second degree burglary (Case No. 01CR126687–01) on December 3, 2001, and was given a suspended imposition of sentence and placed on five years probation. On July 15, 2002, Underwood pled guilty to second degree burglary (Case No. 02CR125194–01). On August 8, 2002, Underwood's probation was revoked in Case No. 01CR126687–01 and he was sentenced to seven years in the Department of Corrections ("DOC") under Section 559.115. Also, on August 8, Underwood was sentenced to five years in the DOC for Case No. 02CR125194–04 under the provisions of Section 559.115, said sentence to be concurrent with the sentence in Case No. 01CR126687–01. On November 19, 2002, Underwood was called back after serving 120 days and placed on probation.

On April 26, 2004, Underwood pled guilty to second degree burglary (Case No. 03CR128726–01) and was sentenced to five years in the DOC. The DOC determined that the length of time Underwood is required to serve before becoming eligible for parole is forty percent. For purposes of making its determination as to the minimum amount of time to be served on these convictions, the DOC has considered Underwood's sentences under Section 559.115 in Case No. 01CR126687–01 and Case No. 02CR125194–01 as commitments for calculation purposes under Section 558.019.

Underwood filed a Writ of Mandamus requesting the court mandate the DOC consider him for parole prior to him serving forty percent of his sentence. The trial court granted Underwood's request and a writ was issued. DOC appeals.

## Analysis

■ Underwood was paroled from custody in September 2006 before this case was submitted to the court, thus rendering the case moot. " 'A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy.' " *State ex rel. Garden View Care Ctr. v. Mo. Health Facilities Comm.*, 926 S.W.2d 90, 91 (Mo.App. W.D.1996) (quoting *Bank of Washington v. McAuliffe*, 676 S.W.2d 483, 487 (Mo. banc 1984)). Because Underwood is no longer in custody, " 'the issue for review ceases to live' " and the case must be dismissed as moot. *Id.* (quoting *Grogan v. Hays*, 639 S.W.2d 875, 877 (Mo.App. W.D.1982)).

Appeal dismissed.

PATRICIA BRECKENRIDGE, Presiding Judge, and HAROLD LOWENSTEIN, Judge, concur.