**Todd W. LINCOLN, Appellant,**

v.

**MISSOURI DEPARTMENT
OF CORRECTIONS,
Respondent.**

**No. WD 69097.**

Missouri Court of Appeals,
Western District.

July 31, 2009.

———

Craig A. Johnston, for Appellant.

Stephen D. Hawke, for Respondent.

Before: HAROLD L. LOWENSTEIN, Presiding Judge, JOSEPH M. ELLIS, Judge and LISA WHITE HARDWICK, Judge.

JOSEPH M. ELLIS, Judge.

On May 22, 2006, Todd Lincoln was incarcerated in the Missouri Department of Corrections ("DOC"). On that date, he filed a petition for declaratory judgment alleging that the DOC had improperly calculated his mandatory minimum prison term percentage for one of his sentences because, in part, the DOC was incorrectly including a sentence that was stipulated to a long-term drug treatment program under § 217.362[1] as a "previous commitment" under § 558.019.

On April 2, 2007, the court entered an Amended Judgment granting partial summary judgment in favor of Lincoln and granting the DOC's motion to dismiss as to the remainder of his claims. The court granted Lincoln's motion for summary judgment in part by ordering the DOC not

---

**8.** Appellant's "Motion to Correct Legal File and Record on Appeal," which was taken with the case, is granted.

**1.** All statutory references are to RSMo 2000 unless otherwise noted.

to deem his December 21, 2001 commitments as "previous commitments" for the purposes of § 558.019 and ordering the DOC to recalculate Lincoln's minimum prison term percentage accordingly.

On April 25, 2007, Lincoln filed a "Motion for Reconsideration and Partial Relief from Judgment" and an "Emergency Motion for Contempt, Sanctions and Costs Against Respondent." The court held a hearing on the motions but did not rule on them within ninety days, so the motions were deemed overruled by operation of law on July 24, 2007. *Rule 81.05(a)*. This appeal follows.

After briefing, argument, and submission, this court was informed that Lincoln was paroled from custody on July 7, 2009. "A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Bank of Washington v. McAuliffe*, 676 S.W.2d 483, 487 (Mo. banc 1984). Since Lincoln is no longer incarcerated, the case is moot and must be dismissed. *Underwood v. Director of Mo. Dep't of Corr.*, 215 S.W.3d 326, 327 (Mo. App. W.D.2007).

Appeal dismissed.

All concur.