

# In the
# Missouri Court of Appeals
# Western District

ERIC HICKERSON,

              **Appellant,**

v.

MISSOURI BOARD OF PROBATION
AND PAROLE,

              **Respondent.**

WD78086

OPINION FILED:

October 20, 2015

**Appeal from the Circuit Court of Cole County, Missouri
The Honorable Daniel Richard Green, Judge**

**Before Division One:
Cynthia L. Martin, P.J., Joseph M. Ellis, and James Edward Welsh, JJ.**

Eric Hickerson appeals the circuit court's judgment denying his petition for declaratory judgment on the issue of his eligibility for parole. We dismiss the appeal as moot.

## Background[1]

In November 2000, Hickerson was convicted of stealing and other crimes and was sentenced to two seven-year terms of imprisonment to be served consecutively, along with several shorter concurrent sentences ("Sentence 1"). Hickerson was paroled on Sentence 1 on January 18, 2007.

---

[1]Because Hickerson appeals from the grant of judgment on the pleadings, we present the facts as derived from his petition; we assume those facts to be true for purposes of our review. *See Anderson v. Crawford*, 309 S.W.3d 863, 866 (Mo. App. 2010).

On February 25, 2009, while on parole from Sentence 1, Hickerson was arrested for attempted burglary and property damage in St. Charles County. A warrant was issued, and Hickerson remained incarcerated due to his inability to post bond.

Shortly thereafter, on March 6, 2009, the Missouri Board of Probation & Parole ("Board") issued a no-bond warrant for Hickerson, alleging a violation of the conditions of his parole due to his February 25 arrest. Hickerson remained in the custody of the St. Charles County jail until his return to the Missouri Department of Corrections (DOC) on June 18, 2009. Parole revocation proceedings were initiated, and, after a hearing, Hickerson's parole was revoked on August 18, 2009.

Hickerson thereafter remained in the custody of the DOC and was ultimately tried and convicted of the attempted burglary and property damage offenses. On January 14, 2011, he was sentenced on those convictions to additional terms of six and three years' imprisonment ("Sentence 2"). Those sentences were ordered to be served consecutively to one another and to his previously imposed sentences.[2] By statute, Hickerson is required to serve a minimum of 50% of Sentence 2 (§ 558.019.2, RSMo Cum. Supp. 2008), with his minimum term for parole eligibility to be calculated by adding together the minimum parole eligibility terms for each consecutive sentence. *See* § 217.690.5, RSMo Cum. Supp. 2008.

Not long after Sentence 2 was imposed, the Board calculated Hickerson's minimum parole eligibility date as July 14, 2015, by using a starting date of January 14, 2011, (the date Sentence 2 was imposed) and adding the minimum terms for parole eligibility -- 3 years (50% of the 6-year sentence) plus 1.5 years (50% of the 3-year sentence) -- to arrive at a total of 4.5 years.

---

[2]By this time, Hickerson apparently had completed all prior sentences except for one seven-year sentence.

Upon learning that his minimum date for parole eligibility had been set at July 14, 2015, Hickerson concluded that the Board had miscalculated his eligibility date by using the wrong starting date. He believed that the correct starting date should have been February 25, 2009 (the date that he was arrested), meaning that his first parole eligibility date would be in August 2013, twenty-three months earlier. Hickerson attempted to remedy this "miscalculation" by writing to his institutional parole officer and to the Board's Chief State Supervisor. Both responded to the effect that his minimum term for parole eligibility is correct as calculated.

Hickerson filed a petition for declaratory judgment in Cole County Circuit Court on January 21, 2014. He challenged the calculation of his minimum parole eligibility date, claiming that the Board should have used a start date of February 25, 2009. On July 2, 2014, Hickerson moved for a judgment on the pleadings. The Board filed a cross-motion for judgment on the pleadings on July 28.

On September 22, 2014, the circuit court entered Judgment granting the Board's motion for judgment on the pleadings and denying Hickerson's petition for declaratory judgment. The circuit court held that, because Hickerson had already fully litigated this claim in the Pike County Circuit Court, the Eastern District of the Court of Appeals, and the Missouri Supreme Court, his claim was barred by the doctrine of issue preclusion; and, insofar as his current ground varied from the ground raised in his prior proceedings, it was barred by claim preclusion.

**Standard of Review**

In reviewing a judgment on the pleadings for a defendant, the plaintiff's "pleadings are liberally construed and all alleged facts are accepted as true and construed in a light most favorable to the pleader." *Anderson v. Crawford*, 309 S.W.3d 863, 866 (Mo. App. 2010). We review the allegations in the plaintiff's petition to determine whether the facts pleaded therein are

3

insufficient as a matter of law. *State ex rel. Nixon v. Am. Tobacco Co.,* 34 S.W.3d 122, 134 (Mo. banc 2000). The moving party admits, for the purposes of the motion, the truth of well-pleaded facts in the opposing party's pleadings. *Id.* "A trial court properly grants a motion for judgment on the pleadings if, from the face of the pleadings, the moving party is entitled to a judgment as a matter of law." *Id.*

## Discussion

Hickerson raises two points on appeal. He contends in Point I that the circuit court erred in granting judgment on the pleadings because the Board miscalculated his minimum term for parole eligibility by failing to start the calculation on the date that he was arrested, pursuant to section 217.690.5, RSMo.[3] In Point II, he contends that the circuit court erred in denying his declaratory judgment action based on issue preclusion and claim preclusion and in failing to give notice of its intent to treat the Board's motion for judgment on the pleadings as one for summary judgment, pursuant to Rule 55.27(b).

Before we address the merits of Hickerson's claims, it is our duty to determine whether we have the authority to consider this appeal. *See In re G.G.B.*, 394 S.W.3d 457, 461-62 (Mo. App. 2013); *Morgan v. Gaeth*, 273 S.W.3d 55, 57 (Mo. App. 2008). In order to maintain a declaratory judgment action, "'the party seeking the declaration must demonstrate that (1) a justiciable controversy exists and (2) the party has no adequate remedy at law.'" *Miller v. Mo. Dep't of Corr.*, 436 S.W.3d 692, 696 (Mo. App. 2014) (quoting *Foster v. State,* 352 S.W.3d 357, 359 (Mo. banc 2011)). A "justiciable controversy" exists where the plaintiff "has a legally

---

[3]Hickerson makes a rather unclear argument about the Board's failure to include Sentence 1 in its calculation of his parole eligibility date on Sentence 2, which he claims is required by § 217.690.5. The basis of his claim seems to be his belief that, in calculating his parole eligibility date on Sentence 2, he was entitled to receive credit for his time served while awaiting trial, even though he was still serving Sentence 1 at the time.

protect[a]ble interest at stake"; "a substantial controversy exists between parties with genuinely adverse interests"; and "that controversy is ripe for judicial determination." *Id.* The question raised cannot be moot. *Id.* (citing *Magenheim v. Bd. of Educ. of Sch. Dist. of Riverview Gardens,* 347 S.W.2d 409, 417 (Mo. App. 1961)).

The *Miller* case is analogous. There, the appellant claimed that the circuit court erred in finding that the applicable parole regulation was the one in effect at the time of his parole hearing, rather than the one in effect at the time of his offenses. *Id.* Had the appropriate regulation been applied, Miller argued, he would have been eligible for a parole hearing after twelve, rather than fifteen, years. *Id.* This Court held that the appellant's claim was moot because he had been incarcerated for twenty-three years and had already received two parole hearings; thus, whether he was required to serve twelve years or fifteen years before receiving a parole hearing was not an existing controversy before the trial court. *Id.*

The same is true here. In this case, all parties agree that the Board calculated Hickerson's minimum parole eligibility date as July 14, 2015, and, thus, presumably on that date, Hickerson became eligible for parole. The propriety of the Board's calculation of his parole eligibility date as July 14, 2015, is the sole issue that Hickerson contests on appeal. Because that date has now passed, the issue is moot. "A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Underwood v. Dir. of Mo. Dep't of Corr.,* 215 S.W.3d 326, 327 (Mo. App. 2007) (quotation marks and citations omitted). Here, any ruling by this Court as to whether Hickerson's correct parole eligibility date was in August 2013 or July 2015 "would not have any practical effect on any . . . existing controversy," and there is no

practical relief that can be granted at this point. *See id*. Thus, the propriety of the circuit court's judgment on that issue is moot.

"Generally, this court does not decide moot issues." *Aldrich v. Goodman,* 340 S.W.3d 669, 670 (Mo. App. 2011). While we may choose to address issues raised in a moot case when there is a recurring question of general public interest which will otherwise evade review, that is not the case here. *See id*. To qualify for the "public interest" exception, the case must "present[] an issue that (1) is of general public interest; (2) will recur; and (3) will evade appellate review in future live controversies." *Asher v. Carnahan,* 268 S.W.3d 427, 431 (Mo. App. 2008). As Hickerson's claim meets none of these criteria, we decline to invoke the "public interest" exception here.

In sum, the issue on appeal is moot and, thus, the appeal must be dismissed.


/s/JAMES EDWARD WELSH
James Edward Welsh, Judge


All concur.

6