

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **JOHN C. DUVALL,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD87253** |
| | ) | |
| **V.** | ) | **OPINION FILED:** |
| | ) | **JANUARY 28, 2025** |
| **MISSOURI BOARD OF PROBATION** | ) | |
| **AND PAROLE, ET AL.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
The Honorable Christopher Kirby Limbaugh, Judge

Before Division Four: Anthony Rex Gabbert Chief Judge, Presiding, Cynthia L. Martin, Judge and Gary D. Witt, Judge

John C. Duvall ("Duvall") appeals from the trial court's dismissal of his amended petition for declaratory judgment against the Missouri Board of Probation and Parole and the warden of the Jefferson City Correctional Center, (collectively the "Board"). Duvall claims that the trial court's dismissal of his petition for failure to state a claim upon which relief can be granted was error as his amended petition sufficiently pled cognizable claims for relief. We affirm.

## Factual and Procedural Background

This appeal arises from the trial court's dismissal of Duvall's amended petition ("Amended Petition") for declaratory relief on the basis that Duvall failed to state a claim

on which relief could be granted.[1]  Duvall's Amended Petition contains factual assertions

and legal claims related to his 2001 convictions and his subsequent attempts to seek post-

conviction and habeas relief.

Duvall was convicted on October 11, 2001, of three counts of statutory sodomy in

the first degree, in violation of section 566.062,[2] and sentenced by the trial court on each

count to a fifteen-year term of imprisonment with the terms ordered to run consecutively.

Following his conviction, Duvall filed a Rule 29.15[3] motion for post-conviction relief.

Finding that he was indigent, the motion court appointed a public defender to represent

Duvall on January 13, 2003.  On August 1, 2003, Duvall's family hired private counsel to

represent Duvall replacing appointed counsel.  On February 14, 2005, Duvall requested

the motion court appoint him counsel as he claimed his privately retained counsel would

not communicate with him.  Duvall fired his retained counsel on May 3, 2005, and filed a

"Notice of Termination of Counsel" the next day.  Duvall then filed a "Notice of

Hearing" on May 23, 2005, in an effort to notice up his request to have counsel

appointed.

---

[1]"In reviewing the trial court's dismissal of a petition for failure to state a claim, we assume that all assertions set forth in the petition are true." *Barrett v. Cole Cnty.*, 687 S.W.3d 685, 692 (Mo. App. W.D. 2024) (quoting *Loomis v. Bowers*, 645 S.W.3d 633, 635 n.3 (Mo. App. W.D. 2022)).  As a result, the facts discussed herein are drawn from the allegations in Duvall's dismissed Amended Petition.  *See id.*
[2]All statutory references are to RSMo 2016 as supplemented through October 3, 2023, unless otherwise indicated.
[3]All rule references are to *Missouri Court Rules, Volume I -- State, 2023* unless otherwise indicated.

On June 10, 2005, an attorney ("J.L.")[4] entered his appearance on Duvall's behalf. On June 15, 2005, J.L. represented Duvall during his Rule 29.15 hearing. Duvall alleged that J.L. was unknown to him, that J.L. represented Duvall at the Rule 29.15 hearing without Duvall's authorization, and that Duvall did not receive any notice that J.L. was representing him nor that his Rule 29.15 hearing was scheduled on June 15, 2005. On July 27, 2005, the motion court entered its judgment denying Duvall's claims for post-conviction relief. The Eastern District affirmed the motion court's judgment on September 12, 2006.

On November 4, 2016, Duvall participated in a parole hearing via video-conference with the Board regarding his eligibility for participation in the Missouri Sex Offender Program ("MOSOP"). Duvall alleges in the Amended Petition that at the start of the hearing a member of the Board told him the hearing was "merely a formality because we've reviewed your file and have decided to recommend granting your Parole . . . all we need to do is hear your version of the offense." When Duvall told the Board that he was maintaining his innocence, the Board informed him that he would be unable to participate in MOSOP or be paroled. Despite this warning, Duvall continued to maintain his innocence. On November 6, 2016, the Board denied Duvall's parole.

On October 3, 2023, Duvall filed a "Petition for Declaratory Relief" asserting four counts that all, in some form or another, alleged that the Board's decision to deny him parole was in retaliation for Duvall exercising his religious beliefs "by refusing to bear

---

[4]We refer to the attorney who represented Duvall in his post-conviction proceedings by initials as required by section 509.520.

3

false witness by falsely declaring his guilt as a factually innocent person who is wrongfully incarcerated."[5]  The Board responded with a motion to dismiss which argued that Duvall's petition fell outside the statute of limitations for challenging the parole board and, alternatively, that even if his petition were within the statute of limitations it should be denied on the basis that Duvall failed to state a claim on which relief could be granted.

On November 17, 2023, Duvall filed his Amended Petition which was identical to the initial petition with the exception of adding a fifth count where Duvall requested a declaration that, among other things, the Board was precluded from "claiming any benefit" from Duvall's convictions, the denial of post-conviction relief, the subsequent denials of habeas relief, and failed appeals because the State engaged in fraud during his post-conviction proceedings that prevented him from establishing that he had been improperly convicted.

The Board filed a second motion to dismiss on December 1, 2023, which again sought dismissal of the Amended Petition for failure to state a claim upon which relief

---

[5]We note, as the parties do in their respective briefs, that Duvall filed an earlier "First Amended Petition for Declaratory Relief" in a separate case on August 29, 2022, which raised the same four claims as were asserted in the initial petition filed on October 3, 2023.  "It has long been the law that courts may (and should) take judicial notice of their own records in prior proceedings which are (as here) between the same parties on the same basic facts involving the same general claims for relief."  *Noble v. L.D. Enterprises, Inc.*, 687 S.W.3d 11, 14 n.3 (Mo. App. W.D. 2024) (quoting *Ruff v. Bequette Construction, Inc.*, 669 S.W.3d 701, 707, n.3 (Mo. App. E.D. 2023)).  Duvall's earlier filed amended petition was dismissed by the trial court without prejudice on October 4, 2022, for "failure to state a claim on which relief can be granted."  Duvall appealed the dismissal to this court.  We granted Duvall's voluntary dismissal of his appeal on May 3, 2023.

4

can be granted.  Specifically, the Board argued that Count One, Duvall's newly asserted claim of fraud during his post-conviction proceeding, is barred by the doctrine of *res judicata* because Duvall is barred from challenging his underlying conviction and sentences through a declaratory judgment action, and because Duvall has received the review authorized by every post-conviction process authorized by Missouri law.  The Board's motion alleged that Duvall was seeking to manufacture an unauthorized post-conviction process beyond the defined boundaries of "Missouri's finely tuned post-conviction process."  Additionally, the Board argued that Counts Two through Five in the Amended Petition, which allege that the denial of access to MOSOP and to parole violated Duvall's religious rights, fail to state a claim because Duvall has no liberty interest in parole.

The trial court entered its "Decision, Judgment, and Order" ("Judgment") using the Board's proposed form of judgment and dismissed Duvall's Amended Petition for failure to state a claim upon which relief can be granted. The Judgment included findings and conclusions that largely mirrored the stated grounds for dismissal set forth in the Board's motion to dismiss.

Duvall appeals.

**Appellate Jurisdiction**

"Jurisdiction is a threshold matter that we must consider before addressing the merits of [Duvall's] appeal." *Barrett v. Cole Cnty.*, 687 S.W.3d 685, 695 (Mo. App. W.D. 2024) (quoting *Matthews v. Harley-Davidson*, 685 S.W.3d 360, 364-66 (Mo. banc 2024)). Under section 512.020(5), a party may appeal a judgment if it is a "final judgment" or, in other words, "if it resolves every claim (or, at least, the last unresolved claim) in a lawsuit." *Stratman v. Allstate Fire and Cas. Ins. Co.*, 695 S.W.3d 96, 100 (Mo. App. W.D. 2024) (quoting *Wilson v. City of St. Louis*, 600 S.W.3d 763, 767 (Mo. banc 2020)).

The general rule is that a dismissal without prejudice is not a "final judgment" and, thus, is not appealable. There is an exception, however, when a trial court dismisses a petition without prejudice for failure to state a claim and the plaintiff "elects to 'stand on the petition rather than plead additional facts.'" *Barrett*, 687 S.W.3d at 695 (quoting *Pride v. Boone Co. Sheriff's Dep't*, 667 S.W.3d 210, 211 (Mo. App. W.D. 2023)). In these cases, "the judgment of dismissal constitutes a final judgment for purposes of appeal." *Id.* (citation omitted). Here, Duvall has chosen to stand on his Amended Petition rather than plead further thereby rendering the Judgment final. *See id.* As a result, we have jurisdiction over Duvall's appeal from the Judgment dismissing his Amended Petition without prejudice.

**Standard of Review**

"We review the trial court's grant of a motion to dismiss for failure to state a claim *de novo*." *Id.* at 695 (quoting *Matthews*, 685 S.W.3d at 364-66). "In reviewing such a motion, the 'Court must accept all properly pleaded facts as true, give the pleadings their broadest intendment, and construe all allegations' in the pleader's favor." *Graves v. Missouri Dep't of Corr., Div. of Prob. & Parole*, 630 S.W.3d 769, 772 (Mo. banc 2021) (quoting *Mo. State Conf. of NAACP v. State*, 601 S.W.3d 241, 246 (Mo. banc 2020)).

When determining whether the Amended Petition states a claim upon which relief can be granted, "we review 'the petition in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.'" *City of Foley v. Dir., Missouri Dep't of Revenue*, 654 S.W.3d 108, 115 (Mo. App. W.D. 2022) (quoting *City of Lake Saint Louis v. City of O'Fallon*, 324 S.W.3d 756, 759 (Mo. banc 2010)). Furthermore, "[w]e review all grounds raised in the motion to dismiss, and we will affirm if the dismissal can be sustained on ***any*** of those grounds." *Barrett*, 687 S.W.3d at 695 (emphasis added) (quoting *Sullivan v. University City*, 677 S.W.3d 844, 848 (Mo. App. E.D. 2023)).

**Analysis**

Duvall raises three points on appeal which all argue that the trial court committed error by dismissing his Amended Petition. In his first point, Duvall argues that the trial court erred because the defense of *res judicata* "did not appear clearly and without exception to establish the failure of Duvall's cause of action." In Point Two, Duvall contends that the trial court erred because he pled ultimate facts which properly state a

7

claim for declaratory judgment. Finally, in Point Three, Duvall claims that the trial court erred because he sufficiently pled ultimate facts which properly state a cause of action pursuant to Missouri's Religious Freedom Restoration Act ("RFRA"). Finding no error, we affirm.

"A motion to dismiss a petition for failure to state a claim is "solely a test of the petition's adequacy." *Barrett*, 687 S.W.3d at 695 (quoting *Pride*, 667 S.W.3d at 212). Pursuant to Rule 55.05, the rule which delineates what pleadings must include in order to set forth a claim for relief, Duvall's Amended Petition must contain "(1) a short and plain statement of the facts showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader claims to be entitled." *Id.* Specifically, to state a claim for declaratory judgment the court must be presented with:

> (1) a justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief, as distinguished from an advisory decree upon a purely hypothetical situation; (2) a plaintiff with a legally protectable interest at stake, . . .; (3) a controversy ripe for judicial determination; and (4) an inadequate remedy at law.

*Graves*, 630 S.W.3d at 772-73 (citation omitted).

### *The trial court did not err in dismissing Count One of Duvall's Amended Petition for failure to state a claim on the basis of res judicata. (Point One)*

In his first point on appeal, Duvall claims that the trial court erred in dismissing Count One of his Amended Petition on the basis of *res judicata* because "the affirmative defense of *res judicata* did not appear clearly and without exception to establish the failure of Duvall's cause of action." Specifically, Duvall insists that the claims in Count One of his petition establish an exception to the doctrine of *res judicata* because he was

8

deprived of his right to due process during his Rule 29.15 proceedings due to fraud committed by J.L. and the Attorney General's Office. Duvall insists that the judgment which denied his claims for post-conviction relief is thus void destroying its preclusive effect on the claims asserted in the Amended Petition.

In Count One of his Amended Petition, Duvall contends that J.L. impermissibly entered his appearance to represent Duvall in his Rule 29.15 hearing. Duvall claims that he did not know J.L. and did not authorize J.L. to serve as his representative during his post-conviction proceedings. Duvall claims that the Attorney General's Office assisted J.L. in perpetrating a fraud on the motion court because the Attorney General's Office failed to notify Duvall about J.L.'s entry of appearance and about the date for Duvall's postconviction hearing thereby assisting J.L. to "connive[] at preventing [Duvall] from obtaining any relief." Duvall alleges that as a result of the fraud perpetrated in his post-conviction proceedings, he was deprived of the ability to prove that his conviction was wrongful. He thus sought a declaratory judgment, including findings of fact and conclusions of law, "declaring that [the Board is] precluded and/or estopped from asserting and/or claiming any benefit of [Duvall's] criminal convictions."

In its motion to dismiss Duvall's Amended Petition, the Board argued that Duvall's claims were unauthorized attempts to re-litigate his underlying conviction and sentences that are barred by the doctrine of *res judicata*. We agree.

*Res judicata*, otherwise known as "claim preclusion," is a doctrine that "precludes the relitigation of the same cause of action that has been previously adjudicated by a final judgment on the merits, or from later raising a claim arising from the same set of facts

9

that should have been raised in the first suit." *Edwards v. City of Ellisville*, 426 S.W.3d 644, 655 (Mo. App. E.D. 2013) (quoting *Unverferth v. City of Florissant*, 419 S.W.3d 76, 90 (Mo. App. E.D. 2013)). "Res judicata 'includes within its ambit . . . a prohibition against collateral attack on a judgment.'" *State ex rel. Gen. Credit Acceptance Co., LLC v. Vincent*, 570 S.W.3d 42, 48 (Mo. banc 2019) (quoting *Wright v. Bartimus Frickleton Robertson & Gorny PC*, 364 S.W.3d 558, 564 (Mo. App. W.D. 2011)).

Here, Duvall's Count One in his Amended Petition plainly seeks a declaration that his underlying conviction and sentences should not be given effect because they were wrongfully entered. While Duvall attempts in his reply brief to narrow the scope of Count One of his Amended Petition to a claim of fraud perpetrated in securing a judgment in the Rule 29.15 post-conviction proceedings, Duvall's contention on appeal conveniently ignores the plain assertions in the Amended Petition. Duvall is procedurally barred from collaterally attacking his underlying conviction and sentences by the doctrine of *res judicata* and Count One of the Amended Petition was properly dismissed. *See Kennedy v. Missouri Atty. Gen.*, 920 S.W.2d 619, 621 (Mo. App. W.D. 1996) (affirming the dismissal of a petition for failure to state a claim on the basis that a declaratory judgment action which challenges a criminal conviction is barred by the doctrine of *res judicata*).

Even if we accepted Duvall's assertion that Count One of the Amended Petition challenges only the judgment entered in the Rule 29.15 proceedings, we would still affirm the dismissal of Count One of the Amended Petition. The Board also argued in its motion to dismiss that Count One failed to state a claim because Duvall was attempting

10

to "manufacture another post-conviction process unconstrained by Missouri's finely tuned post-conviction process and unauthorized under Missouri law and use that assertion of innocence to attack the requirement that he complete MOSOP before being paroled."  We agree.

"States provide post-conviction remedies at their discretion . . . [and] [i]n Missouri, Rule 29.15 is the *exclusive remedy* for an inmate who seeks post-conviction relief after trial."  *Escalona v. State*, 695 S.W.3d 104, 106 (Mo. App. W.D. 2024) (emphasis added) (quoting *Muhammad v. State*, 579 S.W.3d 291, 294 (Mo. App. W.D. 2019)).  Duvall alleges that the State, by and through the Attorney General's Office, deprived him of meaningful post-conviction relief by committing fraud in connection with J.L.'s "unauthorized" representation of Duvall.  Duvall asserts in the Amended Petition that the State and J.L.'s fraud "prevent[ed] [Duvall] from obtaining any relief . . . constitut[ing] the *ineffective assistance of post-conviction counsel*."  (Emphasis added).  As our Supreme Court has recently reaffirmed, "*ineffective assistance claims against postconviction relief counsel are not recognized*."  *State ex rel. Dorsey v. Vandergriff*, 685 S.W.3d 18, 28 (Mo. banc 2024) (emphasis added) (quoting *Barton v. State*, 486 S.W.3d 332, 336 (Mo. banc 2016)).  Count One of the Amended Petition asserts a claim that is not cognizable as a matter of law.  *Id.*

Point One is denied.

***The trial court did not err in dismissing Counts Two through Five of Duvall's Amended Petition for failure to state a claim because Duvall does not have a legally protectable interest at stake. (Points Two and Three)***

11

In Points Two and Three, Duvall argues that the trial court erred in dismissing Counts Two through Five of his Amended Petition because he properly pled ultimate facts that satisfied the requirements for stating a claim for declaratory judgment and for a violation of the RFRA. The essential premise underlying both points on appeal is that the Amended Petition properly pled facts demonstrating that Duvall was impermissibly denied participation in MOSOP, and by extension parole, in violation of his religious belief to not "bear false witness" against himself by admitting his guilt. We review Point Two and Point Three collectively.

In his Amended Motion, Duvall argued that the Board: does not have a rule of general applicability requiring inmates to admit guilt to be paroled; denied Duvall parole as retaliation for Duvall exercising his religious beliefs; has no compelling government interest in punishing Duvall by denying his parole in retaliation for his exercise of religion; and denied Duvall parole in a manner that is unduly restrictive on his religion. In its motion to dismiss, the Board argued that Duvall has no liberty interest in parole and, thus, he has no legally protectable interest at stake that would entitle him to relief in a declaratory judgment action. The trial court dismissed Counts Two through Five of the Amended Petition on this basis.

"In a declaratory judgment action, 'the plaintiff must have a legally protectable interest at stake in the outcome of the litigation.'" *Sunshine & Gov't Accountability Project v. Missouri House of Representatives*, 688 S.W.3d 704, 714 (Mo. App. W.D. 2024) (quoting *LeBeau v. Comm'rs of Franklin Cnty.*, 422 S.W.3d 284, 288 (Mo. banc 2014)). As a general proposition, "[t]here is no constitutional or inherent right to early

12

release from prison" nor does a prisoner "have a protectable expectation of parole by virtue of the mere existence of a parole system." *Frazier v. State*, 581 S.W.3d 118, 125 (Mo. App. S.D. 2019) (internal quotations omitted). There is a narrow "exception" to this general proposition, but that exception is of no aid to Duvall.

> State statutes and regulations governing parole can create a constitutionally protected liberty interest in parole, however, if they specifically mandate that parole must be granted when certain criteria are met. ***Yet, even in such cases, a liberty interest is not implicated unless and until statutory and regulatory criteria for release have been satisfied.***

*Newton v. Missouri Dep't of Corr.*, 572 S.W.3d 531, 542 (Mo. App. W.D. 2019) (emphasis added) (quoting *Gettings v. Missouri Dep't of Corr.*, 950 S.W.2d 7, 9 (Mo. App. W.D. 1997)). Here, Duvall's Amended Petition does not identify a statute or regulation that mandates parole for his circumstances. And even if he had done so, the statutory and regulatory criteria for release have not been satisfied by Duvall's own admission. Pursuant to section 589.040, inmates, like Duvall, who are "imprisoned by the department of corrections for sexual assault offenses shall be required to successfully complete the programs developed [by the Director of the Department of Corrections] prior to being eligible for parole or conditional release." *See Frazier*, 581 S.W.3d at 126 (holding that MOSOP was developed to comply with section 589.040). As we have discussed *supra*, Duvall has no legally protectable interest in parole eligibility simply by virtue of the MOSOP program's existence. *See id.* at 125-26 (quoting *Miller v. Mo. Dep't of Corr.*, 436 S.W.3d 692, 699 (Mo. App. W.D. 2014)). Therefore, Duvall's failure to complete the steps required by MOSOP, including admitting his guilt, means that Duvall has no legally protectable interest at stake that would entitle him to declaratory relief.

13

*See id.* (finding that an inmate has no protectable interest at stake that would allow him to challenge the requirement that he must admit guilt to participate in MOSOP and be paroled).

Because a legally protectable interest at stake is an essential requirement for stating a claim for declaratory relief, Counts Two through Five of Duvall's Amended Petition failed to state a claim upon which relief could be granted.  *See Graves*, 630 S.W.3d at 772-73.  The trial court's dismissal of these counts in Duvall's Amended Petition was not error.

Points Two and Three are denied.


**Conclusion**

The trial court's Judgment is affirmed.


_____
Cynthia L. Martin, Judge

All concur

14