William Wentworth FOSTER,
Appellant,

v.

STATE of Missouri, Respondent.

No. SC 91341.

Supreme Court of Missouri,
En Banc.

Aug. 30, 2011.

William Wentworth Foster, pro se.

Megan Fewell, Attorney General's Office, Jefferson City, for Respondent.

PATRICIA BRECKENRIDGE, Judge.

William Foster filed a petition for declaratory judgment seeking a declaration that the Missouri Incarceration Reimbursement Act (MIRA), section 217.825 *et seq.*[1] could not be applied to require reimbursement from him for the cost of his incarceration because the criminal acts that resulted in his incarceration were committed prior to the law's enactment. The trial court dismissed Mr. Foster's petition. Because the facts alleged in Mr. Foster's petition are not developed sufficiently to give rise to a ripe controversy, he cannot maintain a declaratory judgment action. Accordingly, the judgment of the trial court dismissing Mr. Foster's petition for declaratory judgment is affirmed.

**Factual and Procedural Background**

In 1977, Mr. Foster was convicted of capital murder, first-degree robbery, and armed criminal action. He presently is incarcerated in the department of corrections on sentences for those convictions. In 2009, department personnel informed Mr. Foster that any funds deposited by someone into his prison account to pay for college correspondence courses or an at-torney would be subject to seizure by the state, pursuant to MIRA, to reimburse it for the cost of his incarceration. On receiving this information, Mr. Foster filed a *pro se* petition for declaratory judgment seeking a declaration that any funds deposited into his prison account would not be subject to seizure by the state. His petition claimed that the application of MIRA to him violates provisions of the Missouri Constitution prohibiting *ex post facto* laws or laws retrospective in operation because the act was passed after he committed the crimes that resulted in his incarceration.

Thereafter, the state filed a motion to dismiss Mr. Foster's petition for declaratory judgment. In its motion, the state first asserted that Mr. Foster's petition was premature and did not present a justiciable controversy. Additionally, the state claimed that applying MIRA to Mr. Foster would not operate as an *ex post facto* law because MIRA does not focus on past crimes and was not enacted as additional punishment.[2] After receiving Mr. Foster's response to the state's motion, the trial court entered its judgment dismissing his petition. In its judgment, the court ruled that no justiciable controversy existed because the state had not filed a MIRA action seeking reimbursement from Mr. Foster for the cost of his incarceration. Mr. Foster appeals.

On appeal, Mr. Foster raises three distinct issues. First, Mr. Foster claims that the trial court erred in finding that his petition for declaratory judgment did not present a justiciable controversy. Next, Mr. Foster asserts that applying MIRA to him violates the constitutional prohibition against *ex post facto* laws because the act

---

1. Unless otherwise noted, all statutory references are to RSMo 2000.

2. The state's motion to dismiss addressed Mr. Foster's *ex post facto* challenge but failed to address his claim that MIRA was unconstitutionally retrospective.

was passed after he committed the crimes that resulted in his incarceration. Alternatively, Mr. Foster contends that applying MIRA to him violates the state constitution's prohibition against laws that are retrospective in operation. Because Mr. Foster's appeal involves challenges to the validity of MIRA, this Court has exclusive appellate jurisdiction over his claims. Mo. CONST. art. V, sec. 3.[3]

## Standard of Review

■ This Court reviews the trial court's grant of a motion to dismiss *de novo*. *City of Lake Saint Louis v. City of O'Fallon*, 324 S.W.3d 756, 759 (Mo. banc 2010).[4] In reviewing the propriety of the trial court's dismissal of the petition, this Court considers the grounds raised in the defendant's motion to dismiss and does not consider matters outside the pleadings. *Id.* In determining whether a motion to dismiss should have been granted, the appellate court reviews the petition "in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Id.* If the motion to dismiss can be sustained on any ground alleged in the motion, the trial court's ruling will be affirmed. *Farm Bureau Town and Country Ins. Co. of Missouri v. Angoff*, 909 S.W.2d 348, 351 (Mo. banc 1995).

## Mr. Foster's Claims are not Ripe for Review

■ The trial court dismissed Mr. Foster's petition on the basis that his declaratory judgment action did not present a justiciable controversy. Therefore, it is first necessary to determine whether Mr. Foster satisfies the requirements for maintaining a declaratory judgment action. To maintain a declaratory judgment action, the party seeking the declaration must demonstrate that (1) a justiciable controversy exists and (2) the party has no adequate remedy at law. *Levinson v. State*, 104 S.W.3d 409, 411 (Mo. banc 2003). A justiciable controversy exists when the plaintiff: (1) "has a legally protectible interest at stake;" (2) "a substantial controversy exists between parties with genuinely adverse interests;" and (3) "that controversy is ripe for judicial determination." *Id.* In the present case, ripeness is the critical element in determining

3. The state claims that because the trial court did not adjudicate Mr. Foster's challenge to the constitutional validity of MIRA, this Court lacks exclusive appellate jurisdiction over his claims. This Court's jurisdiction is controlled by article V, section 3 of the Missouri Constitution, which states, in pertinent part, that "[t]he supreme court shall have exclusive appellate jurisdiction in all cases *involving the validity of* . . . a statute or provision of the constitution of this state . . . ." (Emphasis added.) "Whether an appeal falls within that general jurisdiction, or the exclusive appellate jurisdiction established for this Court by the constitution, is determined by the issues raised and preserved in the trial record." *State v. Smith*, 779 S.W.2d 241, 242 (Mo. banc 1989). Here, the case plainly involves a challenge to the validity of MIRA, a claim raised in Mr. Foster's initial pleading and in two of his claims of error on appeal. Mr.

Foster has taken no action to abandon that claim. The fact that the trial court failed to reach the constitutional issue does not deprive this Court of its exclusive appellate jurisdiction. *Cf. Ross v. State*, 335 S.W.3d 479, 480 (Mo. banc 2011) (this Court retains exclusive appellate jurisdiction even if it does not reach a party's challenge to the validity of a statute).

4. In *Schaefer v. Koster*, 342 S.W.3d 299 (Mo. banc 2011), this Court suggests that an appellate court reviews a trial court's dismissal of a petition for declaratory judgment for an abuse of discretion. To the extent that *Schaefer* can be read as changing the standard of review from *de novo* to abuse of discretion in the context of a trial court's grant of a motion to dismiss, it no longer should be followed.

whether Mr. Foster's petition for declaratory judgment presents a justiciable controversy.

■ A controversy is ripe when the parties' dispute is developed sufficiently to allow the court to make an accurate determination of the facts, to resolve a presently existing conflict, and to grant specific relief of a conclusive nature. *Id.* at 411–12. In the present case, Mr. Foster has a legally protectible interest at stake because he has a pecuniary interest in protecting his assets from seizure by the state and that interest is subject to prospective consequential relief. *Lane v. Lensmeyer,* 158 S.W.3d 218, 222 (Mo. banc 2005) (defining a "legally protectible interest" as "a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief"). Additionally, a substantial controversy exists between Mr. Foster and the state regarding whether Mr. Foster's assets are subject to seizure in a future MIRA action. Likewise, Mr. Foster's interests in preserving his assets are genuinely adverse to the state's interests in seizing those assets.

The state argues that, nonetheless, there is not a justiciable controversy and Mr. Foster's claim is not ripe because the state: (1) never attempted to seize his assets by filing a MIRA complaint; (2) does not have a MIRA action currently pending against him; and (3) has not obtained a MIRA judgment approving seizure of his assets.

■ The state's argument that Mr. Foster's claim is not ripe simply because the state has not attempted to enforce MIRA against him overlooks the principle that "[t]here can be a ripe controversy before a statute is enforced." *Planned Parenthood of Kansas v. Nixon,* 220 S.W.3d 732, 738 (Mo. banc 2007); *see also Missouri Ass'n of Nurse Anesthetists, Inc. v. State Bd. of Registration for the Healing Arts,* 343 S.W.3d 348, 355 (Mo. banc 2011) (allowing pre-enforcement review of an administrative rule). Specifically, "[p]re-enforcement constitutional challenges to laws are ripe when (1) 'the facts necessary to adjudicate the underlying claims [are] fully developed' and (2) 'the laws at issue [are] affecting the plaintiffs in a manner that [gives] rise to an immediate, concrete dispute.'" *Planned Parenthood of Kansas,* 220 S.W.3d at 739 (internal citations omitted). The state's assertion that Mr. Foster's claim is not ripe because no attempt has been made to seize his assets conflicts, therefore, with one of the primary functions of a declaratory judgment, which is to resolve conflicts before a loss occurs. *See Missouri Ass'n of Nurse Anesthetists,* 343 S.W.3d at 355; *see also Nicolai v. City of St. Louis,* 762 S.W.2d 423, 425 (Mo. banc 1989); *Clifford Hindman Real Estate, Inc. v. City of Jennings,* 283 S.W.3d 804, 807 (Mo.App.2009).

■ Although the state was incorrect in its arguments that there is no justiciable controversy because it has not attempted to enforce MIRA against Mr. Foster and the money has not yet been deposited, it is correct that his request for pre-enforcement review is not ripe. Mr. Foster's petition is not ripe because the facts necessary to adjudicate Mr. Foster's constitutional claims are not developed fully in that his petition for declaratory judgment does not allege that he will receive sufficient assets to trigger the state's authority to seek reimbursement under MIRA.

Section 271.831 sets out the procedure the state must follow before filing a MIRA action. Under the statute, the state may, after completing an investigation into the offender's assets, file an action to secure reimbursement from the offender "[i]f the attorney general ... has good cause to

believe that an offender ... has sufficient assets to recover not less than ten percent of the estimated cost of care of the offender or ten percent of the estimated cost of care of the offender for two years, whichever is less...." Section 217.831.3. "The requirement that the attorney general have good cause to believe that the reimbursement action will yield a certain recovery is a condition precedent to filing the petition." *State ex rel. Nixon v. Peterson,* 253 S.W.3d 77, 83 (Mo. banc 2008). "If the condition is not met, the attorney general does not have the authority to seek reimbursement." *Id.*

In the present case, Mr. Foster's petition for declaratory judgment alleges that money might be deposited into his prison bank account by someone to pay for a college correspondence course or to allow him to retain an attorney. That would be sufficient to make a justiciable claim if his allegations were sufficient to show a reasonable likelihood that deposits will be made sufficient to trigger the application of MIRA. He need not actually put those amounts at risk by permitting them to be deposited for there to be a justiciable controversy. *Cf. Planned Parenthood of Kansas,* 220 S.W.3d at 739. However, his petition does not allege how much money he expects to receive, nor does it allege how much money is presently in his prison account. As a result, it is impossible to determine from his petition whether he will receive sufficient funds to trigger the state's authority to seek reimbursement under section 217.831.3. As noted above, it is a condition precedent to filing a MIRA

action that the state have good cause to believe that the action will yield the statutory minimum recovery. *Peterson,* 253 S.W.3d at 83. In this case, that would mean the state would be required to have a good faith belief that Mr. Foster has sufficient assets to cover 10 percent of the estimated cost of incarcerating him for two years before filing a MIRA complaint. That is not a nominal sum of money.[5] Mr. Foster has not shown a reasonable basis for believing that the anticipated gifts or other monies that may be deposited will be sufficient to trigger the state's authority to initiate MIRA proceedings. Whether it will be sufficient, therefore, remains speculative. As such, the facts necessary to adjudicate Mr. Foster's constitutional claims are not developed sufficiently to give rise to a presently existing conflict. Because the dispute between Mr. Foster and the state is not fully developed, the case is not ripe for judicial determination.[6]

### Conclusion

Because Mr. Foster's petition for declaratory judgment does not allege sufficient facts to give rise to a justiciable controversy, the judgment of the trial court is affirmed.

TEITELMAN, C.J., RUSSELL, FISCHER, STITH and PRICE, JJ. and WOLFF, Sr.J., concur.

---

**5.** Of course, the state's mere anticipation that Mr. Foster may receive a gift at some future point is insufficient to give the state the right to file a MIRA complaint. The prospect of a future gift does not constitute an asset because the offender is not entitled to it and it is not in the offender's account, as required by MIRA. *State ex rel. Nixon v. Hughes,* 281

S.W.3d 902, 910 (Mo.App.2009) (citing *State ex rel. Nixon v. Worthy,* 247 S.W.3d 8, 14–15 (Mo.App.2008)).

**6.** Because the holding that Mr. Foster does not present a justiciable controversy is dispositive, the Court need not address his constitutional claim.