Richard B. Teitelman, Judge,
dissenting.
I respectfully dissent from the principal opinion’s holding that the dock fees charged by UE are not a “charge” for admission to the Lake of the Ozarks. The Recreational Use Act’s immunity provi *791 sions should be strictly construed because the immunity provided by the Act is in derogation of common law. See Overcast v. Billings Mutual Ins. Co., 11 S.W.3d 62, 69 (Mo. banc 2000).
In this case, the children were using the dock to enter the lake to engage in recreational activities. There is no dispute that UE required the dock owners to pay a fee for the dock’s placement and use. Unlike the picnic shelter at issue in Foster v. State, 352 S.W.3d 357, 359 (Mo. banc 2011), relied upon by the principal opinion, the dock at issue in this case is not simply rented for temporary use. Instead, UE charges the dock owner a fee that grants private access to the owner and his or her guests. The plaintiffs alleged that the children used the dock, which existed by virtue of the fees paid, to enter the lake and swim. Under a strict construction of the Act and the given the facts of this case, I would hold that these dock fees amounted to a “charge” for the children to use the dock to access the lake. I would reverse the trial court’s judgment holding that UE was immune from suit pursuant to the Recreational Use Act.