

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

CHRISTOPHER GRAY,                      )
                                       )
            Appellant,                 )
                                       )
vs.                                    )        WD82351
                                       )
                                       )        Opinion filed:  June 28, 2019
MISSOURI DEPARTMENT OF                 )
CORRECTIONS,                           )
                                       )
            Respondent.                )

**APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY, MISSOURI**
**THE HONORABLE DANIEL R. GREEN, JUDGE**

Before Division One:  Victor C. Howard, Presiding Judge,
Lisa White Hardwick, Judge and Gary D. Witt, Judge

Christopher Gray appeals the judgment of the Cole County Circuit Court dismissing his petition.  In two points on appeal, Gray claims the trial court erred when it found a lack of subject matter jurisdiction and when it found he failed to exhaust his administrative remedies.  We reverse and remand.

**Facts**

Gray is currently confined in a facility maintained by the Missouri Department of Corrections ("the Department").  On July 11, 2018, Gray filed a petition for declaratory judgment in the Cole County Circuit Court.  He claimed he was entitled to six years of additional jail-time credit toward service of his sentences.  The Department filed a motion to dismiss alleging that

Gray had failed to exhaust his administrative remedies before filing the petition and, thus, the court lacked jurisdiction to grant the requested relief. The trial court found it lacked subject matter jurisdiction and dismissed Gray's petition

This appeal follows.

## Standard of Review

"This Court reviews the trial court's grant of a motion to dismiss *de novo*." *Foster v. State*, 352 S.W.3d 357, 359 (Mo. banc 2011). "In reviewing the propriety of the trial court's dismissal of the petition, this Court considers the grounds raised in the defendant's motion to dismiss and does not consider matters outside the pleadings." *Id*. "In determining whether a motion to dismiss should have been granted, the appellate court reviews the petition in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Id*. (internal quotation omitted). "If the motion to dismiss can be sustained on any ground alleged in the motion, the trial court's ruling will be affirmed." *Id*. (internal quotation omitted).

## Point I

In his first point on appeal, Gray claims the trial court erred in finding it lacked subject matter jurisdiction. He argues that failure to exhaust administrative remedies is an affirmative defense. We agree.

Pursuant to section 506.384.1, "No civil action may be brought by an offender, except for a constitutional deprivation, until all administrative remedies are exhausted." After Gray filed his petition for declaratory judgment, the Department filed a motion to dismiss which cited *Adams v. Schriro*, 31 S.W.3d 461 (Mo. App. W.D. 2000), and alleged that the trial court lacked subject matter jurisdiction because Gray had not exhausted all administrative remedies. The trial court

2

dismissed the petition. Its judgment also cited *Adams* and stated: "Because Gray has not exhausted his administrative remedies, this Court does not have subject-matter jurisdiction to grant the relief Gray seeks."

*Adams* was decided prior to *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 254 (Mo. banc 2009), which rejected jurisdictional competency arguments. Accordingly, while section 506.384 identified statutory prerequisites to an offender filing a civil action against the Department, those statutory prerequisites do not impact a circuit court's subject matter jurisdiction.

In *Webb*, the Missouri Supreme Court made clear that there are only two kinds of jurisdiction: subject matter jurisdiction and personal jurisdiction. *Id.* at 252. The Court explained:

> In evaluating the jurisdiction of circuit courts, there are cases that, in *dicta*, purport to recognize a third concept, "jurisdictional competence," which often is confused with subject matter jurisdiction.... [T]hese cases generally concern situations in which there is no question as to the court's authority to decide the general issue before it, but there is a question whether the issue or parties affected by the court's judgment are properly before it for resolution at that time.... [T]hese cases do not question the court's subject matter or personal jurisdiction and really go to the court's authority to render a particular judgment in a particular case.
>
> ....
>
> [T]here is no constitutional basis for this third jurisdictional concept for statutes that would bar litigants from relief. Elevating statutory restrictions to matters of "jurisdictional competence" erodes the constitutional boundary established by article V of the Missouri Constitution, and robs the concept of subject matter jurisdiction of the clarity that the constitution provides. If "jurisdictional competence" is recognized as a distinct concept under which a statute can restrict subject matter jurisdiction, the term creates a temptation for litigants to label every statutory restriction on claims for relief as a matter of jurisdictional competence. Accordingly, having fully considered the potential ill effects of recognizing a separate jurisdictional basis called jurisdictional competence, the courts of this state should confine their discussions of circuit court jurisdiction to constitutionally recognized doctrines of personal and subject matter jurisdiction; there is no third category of jurisdiction called "jurisdictional competence."

*Id.* at 254 (citations omitted) (internal quotation marks omitted).

In this case, the Department's argument that the circuit court lacked subject matter jurisdiction is premised entirely on the statutory prerequisites set forth in section 506.384. "The exhaustion of administrative remedies doctrine has traditionally been characterized as a jurisdictional requirement." *Coleman v. Mo. Sec'y of State*, 313 S.W.3d 148, 154 (Mo. App. W.D. 2010). "[H]owever, the concept of subject matter jurisdiction is no longer applicable to evaluation of the effect of one's failure to exhaust administrative remedies." *Id.* As a result of the Missouri Supreme Court's decision in *Webb*, "a trial court can no longer be said to lack subject matter jurisdiction over unexhausted claims, but rather should be said to lack authority to review those claims as a result of the statutory exhaustion requirement." *Id.*

Both the Department and the circuit court reliance on precedent that is pre-*Webb* was misplaced. "[A] party's failure to comply with statutory mandates does not deprive a court of jurisdiction to render a decision." *Farrow v. St. Francis Med. Ctr.*, 407 S.W.3d 579, 591 (Mo. banc 2013) (citing *Webb*, 275 S.W.3d at 254). "Whether the trial court has the statutory right to proceed ... is not a matter of subject matter jurisdiction but a matter of trial error that is waived by the parties if an objection is not brought before the trial court." *Kerr v. Mo. Veterans Comm'n*, 537 S.W.3d 865, 874-75 (Mo. App. W.D. 2017) (internal quotation marks omitted).

The Department's claim that Gray failed to meet the requirements of section 506.384 "should be raised as an affirmative defense to the circuit court's *statutory authority to proceed* with resolving his claim." *McCracken v. Wal-Mart Stores E., L.P.*, 298 S.W.3d 473, 477 (Mo. banc 2009). "[N]on-jurisdictional defenses that might bar relief—such as claims that plaintiff lacks capacity to sue, that suit has been filed in the wrong venue, that the defendant is a fellow servant, *or that a statutory prerequisite to suit has not been met*—on the other hand, are subject to waiver if not raised timely in a responsive pleading or as otherwise permitted by Missouri's rules and case

law." *Id.* (emphasis added) (citing Rule 55.08 (governing affirmative defenses); Rule 55.27(a) (governing how defenses are asserted)). *See also Dye v. Dep't of Mental Health*, 308 S.W.3d 321, 325 (Mo. App. W.D. 2010) (explaining that issues directed to the circuit court's statutory authority to go forward with hearing and deciding the matter are in the nature of affirmative defenses, and "[a]ffirmative defenses may be waived").

The Department states in its brief that Gray waived any argument that the failure to exhaust administrative remedies is not related to subject matter jurisdiction because he did not present the argument to the trial court. This claim entirely ignores the standard of review. It also ignores the precedent set forth *supra*.

The Department cites *Fuller v. Kemna*, 317 S.W.3d 176 (Mo. App. S.D. 2010) for the proposition that "[t]his Court has continued to recognize Section 506.384's exhaustion requirement since the *Webb* decision." The issue is not whether we recognize the mandate in section 506.384. Instead, the issue is whether such mandate deprives the circuit court of subject matter jurisdiction. As noted, *supra*, it does not.

The Department also cites several cases clarifying that the circuit court lacked authority as opposed to jurisdiction. This comports with our analysis. The Department notes that it raised the issue of failure to exhaust administrative remedies at the earliest opportunity and that a party may file a motion for failure to state a claim under Rule 55.27(a)(6) where it appears from the face of the petition that an affirmative defense is applicable. The Department did not file a motion for failure to state a claim, however. Instead, it filed a motion to dismiss that was premised entirely on a lack of subject matter jurisdiction.

The judgment of the trial court is reversed and the matter is remanded. If the Department raises as an affirmative defense in its responsive pleading the claim that Gray has failed to exhaust

his administrative remedies as required by section 506.384, the circuit court will be required to ascertain if, in fact, Gray has exhausted such remedies so as to evaluate the circuit court's *authority* to permit his suit to proceed.

The point is granted.[1]

### Point II

In his second point on appeal, Gray claims the trial court erred in finding he failed to exhaust his administrative remedies.  He argues that his claim was not a contested case.  Given our disposition of Gray's first point on appeal, we need not address his second point on appeal.

### Conclusion

The circuit court's judgment of dismissal is reversed and the cause is remanded for further proceedings consistent with our ruling in this opinion.

_____
VICTOR C. HOWARD, JUDGE

All concur.

---

[1] We note that the current case is very similar to *McDonald v. Chamber of Commerce of Indep*., No. WD 81938, 2019 WL 2178655 decided by this court on May 21, 2019.