

# SUPREME COURT OF MISSOURI
## en banc

RANDALL GRAVES,              )

                                  )

               Appellant,      )

                                  )

v.                                    )         No. SC98501

                                  )

MISSOURI DEPARTMENT OF      )

CORRECTIONS, THE DIVISION OF   )

PROBATION AND PAROLE,       )

                                  )

              Respondent.     )

*Opinion issued October 5, 2021*

## APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
The Honorable Daniel R. Green, Judge

Randall Graves appeals a judgment dismissing his petition for declaratory judgment for failure to state a claim upon which relief can be granted. Graves sought a declaration that his federal supplemental security income ("SSI") is exempt under federal law from paying the required monthly intervention fees to the Missouri department of corrections, division of probation and parole (the "Division") as a condition of his supervised probation. Because the Division has not yet compelled Graves to pay monthly fees, his request for declaratory relief is not ripe for adjudication and the circuit court properly dismissed his claim. Graves may be able to state a claim ripe for adjudication in the future, however, if

the Division does compel payment of monthly fees; therefore, the circuit court improperly dismissed his claim with prejudice. For these reasons, the circuit court's judgment of dismissal is affirmed in part and reversed in part.

**Background**

In 2018, Graves pleaded guilty to one count of receiving stolen property. The circuit court sentenced him to serve six years' imprisonment but suspended execution of the sentence and placed him on a five-year term of probation supervised by the Division. One of the conditions of probation requires Graves to "pay a monthly intervention fee in an amount set by the Missouri Department of Corrections." Approximately two months into his probation, the Division sent Graves a letter advising "per standard condition #10 … you are required to pay a monthly intervention fee of $30 throughout the duration of [his] supervision" and he had accrued an overdue balance of $60. The letter further stated, "Making timely payments in the future will avoid additional collection efforts." Finally, the letter stated failure to pay intervention fees "may place [Graves] in violation status."

This letter prompted Graves to file a petition for declaratory judgment. In his petition, Graves alleged he has no assets or income other than his $771 monthly SSI and sought a declaration that the Division could not lawfully attempt to collect the $60 balance from his SSI. Graves maintained the Division violated the anti-attachment provision of 42 U.S.C. section 407(a), which instructs no "moneys paid or payable" as SSI "shall be subject to … other legal process." Graves asserted the letter constituted an attachment as "other legal process" and petitioned the circuit court to declare his SSI exempt pursuant to

2

42 U.S.C. section 407(a).[1] The Division filed, and the circuit court sustained, a motion to dismiss with prejudice the petition for failure to state a claim upon which relief can be granted. Graves appealed. This Court granted transfer after an opinion by the court of appeals. Mo. Const. art. V, sec. 10.

## Standard of Review

"This Court reviews a circuit court's sustaining of a motion to dismiss *de novo*." *Mo. State Conf. of NAACP v. State*, 601 S.W.3d 241, 246 (Mo. banc 2020) (quoting *Mitchell v. Phillips*, 596 S.W.3d 120, 122 (Mo. banc 2020)). In reviewing such a motion,

---

[1] The dissenting opinion asserts "[t]he plain language of the petition" does not support the conclusion that "Graves asserted the letter was an attachment or 'other legal process' that violated 42 U.S.C. section 407(a)." *Slip op.* at 5. But this conclusion is based on Graves' petition and not mere speculation. After requesting a declaration from the court "that the income of Petitioner is exempt from ***any legal*** process for nonpayment of intervention fees" Graves' petition alleges as follows:

> 2. As part of this Court-ordered supervision, Petitioner was ordered to comply with "standard condition #10, INTERVENTION FEES." **(Ex. 2)**
> 3. The supervision of Petitioner by the Department of these probation conditions is under the authority of the Circuit Court of Platte County.
> 4. Petitioner, as a consequence, is being required "to pay a monthly intervention fee of $30.00 throughout the duration of [his] supervision." **It** further reads, **"Failure to do so may place you in violation status."**

(Emphasis added). "Exhibit 2," referenced above in paragraph two of Graves' petition, was attached to the petition and is the letter the Division sent to Graves. The word "It," as cited above and used in paragraph four of Graves' petition, is admittedly vague, but the words that follow reveal the identity of this vague pronoun. The words "Failure to do so may place you in violation status" are a direct quote and taken verbatim from the Division's letter. While Graves' petition is not a model of clarity, it is reasonable—and unavoidable—to conclude the "legal process" Graves refers to is "Exhibit 2," the Division's letter.

the "Court must accept all properly pleaded facts as true, giv[e] the pleadings their broadest intendment, and construe all allegations" in the pleader's favor. *Id.* A motion to dismiss for failure to state a claim tests only whether the petition adequately alleged facts that give rise to a cognizable cause of action or of a cause that might be adopted. *State ex rel. Henley v. Bickel*, 285 S.W.3d 327, 329 (Mo. banc 2009). This Court may liberally draw "all *reasonable* inferences" from the allegations raised in Graves' petition. *Id.* (emphasis added) (quoting *Bosch v. St. Louis Healthcare Network*, 41 S.W.3d 462, 464 (Mo. banc 2001)).

## Analysis

On appeal, Graves claims the circuit court erred in sustaining the Division's motion to dismiss because his petition for declaratory judgment adequately pleads a controversy ripe for judicial review and facts that entitle him to a judgment in his favor. The Division counters that the petition fails to state a controversy ripe for judicial review.[2]

As this Court explained in *NAACP*:

[A petition states a claim for declaratory judgment if the court is] presented with: (1) a justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief, as distinguished from an advisory decree upon a purely hypothetical situation; (2) a plaintiff with a legally protectable interest at stake, …; (3) a controversy ripe for judicial determination; and (4) an inadequate remedy at law.

---

[2] As the Division acknowledges, the circuit court did, in fact, err in dismissing Graves' petition *with prejudice*. The circuit court should have dismissed his claim *without prejudice* because he failed to state a claim ripe for judicial review.

601 S.W.3d at 246 (alteration in original) (quoting *Mo. Soybean Ass'n v. Mo. Clean Water Comm'n*, 102 S.W.3d 10, 25 (Mo. banc 2003)). Because Graves' petition did not allege a controversy ripe for judicial determination, his petition failed to state an adequate claim for declaratory relief.

This Court employs a two-fold test in ascertaining whether a controversy is ripe for judicial determination: (1) whether the issues presented are fit for judicial resolution, and (2) whether denying relief would create hardship for either party. *Mo. Soybean Ass'n*, 102 S.W.3d at 27. "A case is ripe if 'the parties' dispute is developed sufficiently to allow the court to make an accurate determination of the facts, to resolve a conflict that is presently existing, and to grant specific relief of a conclusive character.'" *Calzone v. Ashcroft*, 559 S.W.3d 32, 35 (Mo. banc 2018) (quoting *Schweich v. Nixon*, 408 S.W.3d 769, 774 (Mo. banc 2013)). When litigants petition courts to review an agency action,

> [t]he basic rationale of the ripeness doctrine is to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties."

*Mo. Soybean Ass'n*, 102 S.W.3d at 26 (quoting *Abbott Lab'ys, Inc. v. Gardner*, 387 U.S. 136, 148-49 (1967)). "A declaratory judgment is not a general panacea for all real and imaginary legal ills. It is not available to adjudicate hypothetical or speculative situations that may never come to pass." *Id.* at 25 (internal citations omitted).

Graves alleged the Division "required" that he "pay a monthly intervention fee" and that "[f]ailure to do so *may* place [him] in violation status" pursuant to section 217.690.[3] (Emphasis added). But section 217.690.3 specifically affords the Division the *discretionary* authority to collect an intervention fee from offenders; it does not require the Division to do so. Specifically, section 217.690.3 provides:

> The division … has **discretionary** authority to require the payment of a fee, not to exceed sixty dollars per month, from every offender placed under division supervision on probation, parole, or conditional release, to waive all or part of any fee, [and] to sanction offenders for willful nonpayment of fees[.]

(Emphasis added). Considering the lack of immediacy and conclusiveness in the Division's letter and the fact that the statute does not compel the Division to place Graves in violation status and collect the fee, the likelihood of the Division collecting the fee or sanctioning Graves for nonpayment under the facts alleged is purely speculative and hypothetical. *Mo. Soybean Ass'n*, 102 S.W.3d at 25. Even interpreting the facts as alleged in his petition in the light most favorable to Graves, it is not reasonable to infer the Division will take any further action to collect the intervention fee. *Bickel*, 285 S.W.3d at 329.

Graves' case could be ripe if the Division made a concrete, binding, immediate decision to classify him with violation status should his nonpayment continue or the Division took other definitive action to collect the fee. But the Division has made no effort to collect the fee other than sending the letter to Graves, and the letter itself was non-binding. It had no legal effect on Graves' rights. The letter did not state Graves was in

---

[3] All references to section 217.690 refer to RSMo Supp. 2018.

violation status for nonpayment, nor did it bind the Division to placing him in violation status if he failed to pay the fee within a certain timeframe.[4] The Division remained free to take or avoid such action in the future. Graves merely alleged the Division advised him in a single letter his failure to pay the fee *may* put him in violation status. What is not clear is whether the Division would take *any* action upon discovering Graves' financial status.[5]

The Missouri Code of State Regulations further ensures individuals who cannot pay the intervention fee will not be found in violation and forced to pay the fee. First, the code directs supervising probation officers to assist offenders who have not paid the intervention fee by suggesting programs and services that could address the issues causing nonpayment. 14 C.S.R. 80-5.020(1)(I)3. Second, the code specifically limits the imposition of any sanction to "willful nonpayment." 14 C.S.R. 80-5.020(1)(I)4. Graves has not alleged the Division would categorize his nonpayment as willful, nor has he demonstrated the Division would consider nonpayment willful due to his income being limited to SSI. Third, the code allows the Division to waive the fee based on Graves' limited income. 14 C.S.R. 80-5.020(1)(H) (For "offender[s] … unable to pay because of having insufficient income, fees may be waived in whole or in part."). Graves has not sought and been denied a waiver of the fee as set forth in the code. Nothing in his petition or the record suggests Graves advised his probation officer or the Division of his limited income and the federal anti-

---

[4] This opinion takes no position as to whether the Division's letter to Graves constituted "other legal process" under 42 U.S.C. section 407(a) to collect the fee as Graves contends.
[5] A review of Graves' underlying criminal case in Case.net shows no violation report or notice of citation filed by the Division alleging he has failed to pay the monthly intervention fee since he was placed on probation on January 1, 2019, some two and a half years ago.

attachment provision. Neither does the petition or the record suggest the Division would refuse to waive the fee once it learned of Graves' financial situation and the protections provided by 42 U.S.C. section 407(a). Under the Missouri Code of State Regulations, therefore, it is not yet evident the Division will decide to collect the fee from Graves or take any other concrete or imminent action to collect the fee or sanction Graves for nonpayment. Any claim the Division will take such action is speculative and hypothetical and, therefore, not ripe. *Mo. Soybean Ass'n*, 102 S.W.3d at 26.

As such, Graves seeks an advisory opinion, which all courts lack authorization to issue. *State ex rel. Heart of Am. Council v. McKenzie*, 484 S.W.3d 320, 324 n.3 (Mo. banc 2016) ("An opinion is advisory if there is no justiciable controversy, such as if … the decision is based on hypothetical facts."). Graves' request for declaratory judgment is based on hypothetical facts and injuries. No conflict yet exists, and any judgment entered on the merits of Graves' claim would be advisory.

A careful examination of Graves' petition for declaratory judgment further reveals why his case lacks ripeness. His petition did not seek a pre-enforcement declaration regarding the construction or validity of a statute.[6] Neither did Graves seek a declaration

---

[6] Graves' petition for declaratory judgment cited sections 527.010 and 527.020 and Rules 87.01 and 87.02 for authority to bring his action for declaratory judgment. He alleged he is a "person whose rights … or other legal relations **are affected by a statute** … [who] may have determined any question of construction or validity arising under the … statute[.]"Section 527.020 (emphasis added); *see also* Rule 87.02(a). From Graves' petition, it is unclear which statute he seeks to have construed or declared valid or invalid, but his brief suggests he sought to have the circuit court construe the meaning of "other legal process" as set forth in 42 U.S.C. section 407(a). But Graves' rights or other legal relations are not "affected by" 42 U.S.C. section 407(a) or any other statute until the

regarding an agency rule. *See* section 536.050.1, RSMo 2016. Graves' petition challenged a preliminary action by the Division he alleged "may" lead to a decision or further action by the Division that could harm him. *Bruemmer v. Mo. Dep't of Lab. Rels.*, 997 S.W.2d 112, 116 (Mo. App. 1999) (quoting *Branson R-IV Sch. Dist. v. Lab. & Indus. Rels. Comm'n*, 888 S.W.2d 717, 720 (Mo. App. 1994)) ("In contrast to a rule, an adjudication is '[a]n agency decision which acts on a specific set of accrued facts and concludes only them.'" (alteration in original)). While courts of this state may entertain declaratory judgment petitions for pre-enforcement challenges to the constitutional validity of a statute, *see, e.g., Alpert v. State*, 543 S.W.3d 589, 591 (Mo. banc 2018), and pre-enforcement challenges to the promulgation of administrative rules, *see* section 536.050.1, RSMo 2016, the caselaw is conspicuously thin regarding a court's authority to entertain preemptive challenges to an agency action or decision. A lack of ripeness is often inherent in such

Division takes some concrete action to collect the intervention fee. As noted above, section 217.690.3 gives the Division *the discretion* to collect the fee; it does not require the fee's collection. Graves' rights, therefore, could be "affected by" 42 U.S.C. section 407(a) if the Division exercises its discretion to collect the intervention fee. Graves seeks a declaration, then, that the Division lacks the authority to make the *decision* to collect the fee from him because of the anti-attachment provision of 42 U.S.C. section 407(a). Graves seeks a declaratory judgment regarding the actions of the Division, an administrative agency; he does not seek to have a statute construed or declared valid or invalid. Graves, therefore, could not have brought this suit pursuant to section 527.020 or Rule 87.02(a) but rather brings it pursuant to section 527.010, which provides the basis to seek a declaratory judgment challenging an agency action. Section 527.010 ("The circuit courts of this state, within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."); *see also* Rule 87.02(d); *Mo. Ass'n of Nurse Anesthetists, Inc. v. State Bd. of Registration for Healing Arts*, 343 S.W.3d 348, 353 (Mo. banc 2011). All references to sections 527.010 and 527.020 refer to RSMo 2016.

9

challenges. While these challenges may be tolerable when it is reasonably probable the agency will follow through with the alleged undesirable action,[7] they are not justiciable and, thereby, are unripe when the agency's future conduct and the alleged injury are uncertain.

Although it involves an agency's rule rather than an action or decision, Graves' case contrasts well with *Missouri Ass'n of Nurse Anesthetists*. There, the State Board of Registration for the Healing Arts ("Board"), which oversaw licensing for doctors and nurses, adopted a position that doctors could not delegate certain procedures to nurse anesthetists. 343 S.W.3d at 351-52. The Board notified doctors via letter of its position and asked those interested to submit comments of approval or disagreement. *Id.* at 352. Dr. Kunkel submitted a comment requesting the Board change its position. *Id.* The Board denied his request. *Id.* Kunkel petitioned for declaratory judgment challenging the Board's policy. *Id.* Nearly four and a half months later, the Board commenced a disciplinary action enforcing the policy against Kunkle. *Id.* at 356. This Court found the controversy was ripe for judicial review. *Id.* at 354-55.

---

[7] Pre-decision review *may* be possible when the litigant demonstrates the agency's consistency in taking the undesired action such that it is the agency's policy or when the agency states or otherwise makes clear it *will* take the undesired action. *See Ramirez v. Mo. Dep't of Soc. Servs., Children's Div.*, 501 S.W.3d 473, 482 (Mo. App. 2016) ("[A] party subject to the authority of an agency and threatened by an agency's statement of policy is not be [sic] required to wait indefinitely for disciplinary proceedings to be commenced, at risk that continued conduct contrary to the policy may yield discipline."); *see also Mo. Ass'n of Nurse Anesthetists*, 343 S.W.3d 348 (in which the agency's unpromulgated rule resulted in a disciplinary action). Graves fails to allege it is the Division's consistent policy to collect the intervention fee when offenders' sole income is SSI and that the Division *will* collect and sanction him for nonpayment.

Unlike *Missouri Ass'n of Nurse Anesthetists*, Graves' conduct did not guarantee an immediate adverse response from the Division—by placing him in violation status—nor has Graves demonstrated the Division adopted a final decision relevant to his nonpayment of the monthly intervention fees. In *Missouri Ass'n of Nurse Anesthetists*, after internal consideration, and after asking for comments on its proposed policy, the Board adopted an unequivocal, final position that immediately prohibited the conduct at issue. *Id.* at 355 ("The record clearly demonstrates that the Board has finished development of its policy, as evidenced by its attempt to enforce its position through a disciplinary proceeding filed against Dr. Kunkel. No further factual development is required for judicial resolution."). Kunkle requested the Board change its position, waited for rejection, and allowed the Board to finalize its policy or rule. *Id*. at 352. The finality of the Board's decision was made evident by the initiation of a disciplinary proceeding when Kunkle's declaratory judgment suit was pending.

Here, further factual development is required for judicial resolution. The Division has not issued a final decision about whether Graves is required to pay the fee or if nonpayment would result in any sanction. The Division merely notified Graves it *might* pursue violation status if the fee remains unpaid. Unlike *Missouri Ass'n of Nurse Anesthetists*, there is no claim or record that the Division has sought enforcement of a decision to impose the fee in this case by classifying Graves in violation status or notifying him that he will be reclassified to violation status if nonpayment continues. The Division's action in sending the letter here is comparable to the Board's initial request for comment about its proposed policy in *Missouri Ass'n of Nurse Anesthetists*. Had Graves petitioned

11

for declaratory judgment *after* the Division indicated his nonpayment would be considered willful and refused to waive the fee, thereby allowing the Division to solidify its position with regard to him, his controversy would be ripe. At that point, as was the case for Kunkel in *Missouri Ass'n of Nurse Anesthetists*, continuing nonpayment would lead to more certain consequences.

Graves' case also resembles *Missouri Soybean*, in which petitioners brought suit asking the circuit court to declare a preliminary action of the Missouri Clean Water Commission ("Commission") invalid. 102 S.W.3d at 14. Federal law required the Commission to develop and submit to the United States Environmental Protection Agency ("EPA") a list of bodies of water that failed to meet federal water quality standards. *Id.* at 16-20. A body of water's inclusion on the list made the Commission responsible for developing and ultimately implementing regulations to improve water quality for that body of water. *Id.* Displeased with the Commission's inclusion of a particular body of water to the EPA list, the petitioners brought a declaratory judgment action challenging the entire list. *Id.* at 14. The petitioners alleged the list amounted to agency rulemaking and claimed they would suffer injury from the yet undeveloped water quality regulations. *Id.* This Court found the Commission's action did not constitute a final rule because it had "merely conducted an inventory" that failed to create legal rights or obligations. *Id.* at 23. The Court stated,

> [T]he appellants prophesy the impact of a potential rule. But there is a world of difference between an agency declaration that, in and of itself, has the potential, even slightly, to impact one's rights and an agency declaration that could only impact one's rights if further regulations would someday occur.

*Id.* at 24 (emphasis omitted). The Court held the petitioners' case was not ripe for judicial review. *Id.* at 29.

This Court's reasoning in *Missouri Soybean* applies to Graves' case. In both cases, the declaratory judgment petitions fail because the challenged agency actions bound no party nor harmed them. Both litigants speculated and hypothesized future harms that may never occur. Graves here alleged the Division's letter impacted his rights, but the letter itself purported to do nothing. This Court has stated,

> Until an agency has made a final determination that finds facts, applies the law to those facts, and construes the applicable statutes, it is impossible to know if a subsisting justiciable controversy exists between the agency and the party seeking declaratory relief. Prior to the agency's decision, the controversy remains hypothetical and premature. Declaratory judgment actions should not be resorted to for the purpose of giving advisory opinions.

*Farm Bureau Town & Country Ins. Co. of Mo. v. Angoff*, 909 S.W.2d 348, 353 (Mo. banc 1995). Graves' claims for declaratory judgment are not presently fit for judicial resolution, and dismissing his request for declaratory judgment without prejudice would subject him to no hardship. *Mo. Soybean Ass'n*, 102 S.W.3d at 27. For these reasons, Graves' suit is not ripe for judicial review.[8]

---

[8] Related to the doctrine of ripeness, it is also dubious whether Graves has standing to bring the underlying action. Whether a party has an interest, or standing, in the litigation depends upon whether that party is in immediate danger of sustaining a direct, threatened or actual injury. *See Harrison v. Monroe Cnty.*, 716 S.W.2d 263, 266 (Mo. banc 1986); *see also Schweich*, 408 S.W.3d at 774 (emphasis added). The Division made no concrete, immediate threat to sanction Graves, to collect the fee, or to subject him to other punitive action. It merely advised in a single, generic letter that it "may" find him in violation status. As discussed *supra*, both Graves and the Division could take action that would preclude the collection of the intervention fee, rendering any alleged injury too remote to warrant standing.

**Conclusion**

Because Graves' petition failed to plead facts that would support a claim ripe for declaratory judgment, the circuit court's dismissal is affirmed in part. Because Graves was entitled to a dismissal without prejudice, however, this Court reverses the circuit court's judgment dismissing his petition with prejudice and enters a judgment of dismissal without prejudice. Rule 84.14.

_____
W. Brent Powell, Judge

Wilson, C.J., Fischer and Ransom, JJ., concur;
Breckenridge, J., dissents in separate opinion filed;
Russell and Draper, JJ., concur in opinion of Breckenridge, J.



# SUPREME COURT OF MISSOURI
## en banc

RANDALL GRAVES, )
)
            Appellant, )
)
v. )     No. SC98501
)
MISSOURI DEPARTMENT OF )
CORRECTIONS, THE DIVISION OF )
PROBATION AND PAROLE, )
)
           Respondent. )

### DISSENTING OPINION

I respectfully dissent. I do not concur with the principal opinion's analysis and holding that Randall Graves failed to plead facts that would support a claim ripe for declaratory judgment. The principal opinion determines Mr. Graves failed to state a ripe claim for a declaration that the letter of the Missouri Department of Corrections, Division of Probation and Parole, which advised him that failure to pay the intervention fee might subject him to future sanctions, was a prohibited legal process under 42 U.S.C. section 407(a). If that were the only claim reasonably supported by the plain language of the petition, I would concur, but it is not. Because the principal opinion ignores a ripe claim expressly stated in the petition's allegations, fails to give the petition its broadest intendment, and analyzes only a claim that

the division's letter and future collection attempts violate 42 U.S.C. section 407(a), it reaches the wrong result.

The plain language of Mr. Graves' petition shows he sought a declaration that the division's *imposition* of an intervention fee of $30 per month as a condition of his probation violated 42 U.S.C. section 407(a) because his only income was supplemental security income ("SSI"). When this claim is acknowledged and evaluated, the correct holding is that the petition pleads facts that state a claim for declaratory judgment. Accordingly, the Court should determine the circuit court erred, reverse its dismissal of Mr. Graves' petition, and remand the cause.

**Factual and Procedural Background**

After pleading guilty to receiving stolen property, Mr. Graves was placed on a five-year term of probation supervised by the division. The conditions imposed in his order of probation include the payment of monthly intervention fees.[1] Specifically, condition 10 requires Mr. Graves to "pay a monthly intervention fee in an amount set by the Missouri Department of Corrections pursuant to RSMo 217.690." Although section 217.690.3, RSMo Supp. 2018, allows an intervention fee of up to $60, the division imposed a monthly intervention fee of $30 as a condition of his supervised probation. Mr. Graves failed to pay his monthly intervention fees for two months, and the division sent him a letter advising him he is "required to pay a monthly intervention fee of $30 throughout the duration of [his] supervision"; he had accrued an overdue balance of $60; "[m]aking timely payments in the

---

[1] Indeed, all offenders placed on probation under the division's supervision "are required to pay an intervention fee in the amount set by the department not to exceed sixty dollars ($60) per month." 14 C.S.R. 80-5.020(1)(A).

2

future will avoid additional collection efforts"; and failure to pay may place him "in violation status."

After receiving the letter, Mr. Graves filed a petition for declaratory judgment, alleging "the required probation condition of payment of intervention fees violates 42 U.S.C. § 407(a)" and seeking a declaration that, because 42 U.S.C. section 407(a) provides no moneys paid or payable as SSI "shall be subject to . . . other legal process," his SSI is exempt from "any legal process" that requires the payment of the monthly intervention fees from his SSI. The division filed a motion to dismiss the petition for failure to state a claim upon which relief can be granted. The circuit court sustained the motion and dismissed Mr. Graves' petition with prejudice.

On appeal, Mr. Graves claims the circuit court erred in sustaining the division's motion to dismiss because his petition for declaratory judgment adequately pleads a controversy ripe for judicial review and facts, which, if taken as true, entitle him to a judgment in his favor. Because Mr. Graves stated a claim for declaratory judgment, the Court should reverse the circuit court's judgment and remand for a ruling on the merits.

**Standard of Review**

"This Court reviews a circuit court's sustaining of a motion to dismiss *de novo*" and accepts all properly pleaded facts as true, gives the pleadings their broadest intendment, and construes all allegations in the pleader's favor. *Mo. State Conf. of NAACP v. State*, 601 S.W.3d 241, 246 (Mo. banc 2020) (quoting *Mitchell v. Phillips*, 596 S.W.3d 120, 122 (Mo. banc 2020)). Importantly, the Court must also liberally construe all reasonable inferences in Mr. Graves' favor. *Smith v. Humane Soc'y of U.S.*, 519 S.W.3d 789, 798 (Mo. banc 2016).

3

A judgment of dismissal is not proper if a petition alleges facts that "meet the elements of a recognized cause of action, *or of a cause that might be adopted in that case.*" *State ex rel. Henley v. Bickel*, 285 S.W.3d 327, 329 (Mo. banc 2009) (emphasis added) (internal quotation omitted).

To state a claim for declaratory judgment, the pleader must allege facts that present an existing justiciable controversy for which there is no adequate remedy at law. *Foster v. State*, 352 S.W.3d 357, 359 (Mo. banc 2011). A justiciable controversy exists when: (1) the plaintiff "has a legally protectable interest at stake"; (2) "a substantial controversy exists between parties with genuinely adverse interests"; and (3) the "controversy is ripe for judicial determination." *Id.* The petition "need not allege facts showing that plaintiff is entitled to a declaration in his favor," but only "whether he is entitled to a declaration of rights at all." *NAACP*, 601 S.W.3d at 246 (emphasis omitted).

### Petition Alleges a Justiciable Controversy

The issue in this case is whether the petition's allegations presented a controversy ripe for adjudication. A controversy is ripe when the dispute "is developed sufficiently to allow the court to make an accurate determination of the facts, to resolve a conflict that is presently existing, and to grant specific relief of a conclusive character." *Mo. Health Care Ass'n v. Att'y Gen. of Mo.*, 953 S.W.2d 617, 621 (Mo. banc 1997).[2]

---

[2] The principal opinion states this test but adds to it the two-fold test Missouri courts derived from *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977). The rationale for that test, which is to "protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties," *id.*, is not served in this case. The division ordered Mr. Graves to pay a $30 monthly intervention fee as a

4

In reaching its conclusion that there is no ripe controversy, the principal opinion considers only a claim that the division's letter, advising him his failure to pay could result in sanctions being imposed, qualifies as "other legal process." It states, "Graves asserted the letter constituted an attachment as 'other legal process' and petitioned the circuit court to declare his SSI exempt pursuant to 42 U.S.C. section 407(a)." Yet the petition never expressly mentions the letter. The letter is merely attached as an exhibit to support some allegations in the petition.

Rather, giving the petition its broadest intendment and construing all properly pleaded factual allegations and reasonable inferences in Mr. Graves' favor, the plain language of the petition alleges the division ordered Mr. Graves to pay a monthly intervention fee of $30 throughout the term of his supervision; because his only source of income is SSI, the imposition of intervention fees has the practical effect of requiring Mr. Graves to satisfy his condition of probation with his SSI; Mr. Graves has accrued an overdue balance; and the division has advised him that failure to pay intervention fees as ordered may cause him to be "in violation status."

Mr. Graves alleges "that because social security benefits are his only asset, ***the required probation condition of payment of intervention fees violates 42 U.S.C. § 407(a)***." (Emphasis added). He also alleges it "presents a justiciable controversy as to whether the

condition of probation, and there is no statutory or regulatory procedure or process to challenge, or seek review of, that decision within the division. Once a probationer is ordered to pay a monthly intervention fee, that decision is formalized and final, as far as the division is concerned. Even if it were appropriate to use the *Abbott* test, Mr. Graves' claim that the imposition of intervention fees as a condition of his probation violates 42 U.S.C. section 407(a) would still be ripe.

Department ***has utilized*** legal process to obtain exempt benefits." (Emphasis added and omitted). In other words, the controversy relates to what the division has already done in imposing monthly intervention fees as a condition of Mr. Graves' probation, not what it may do in the future. Therefore, the allegations show Mr. Graves is presently required to pay a monthly intervention fee of $30 as a condition of his probation and the relief sought is a declaration that "the required probation condition of payment of intervention fees violates 42 U.S.C. § 407(a)."[3]

42 U.S.C. section 407(a) provides, in relevant part, "[N]one of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." The types of legal process expressly precluded by 42 U.S.C. section 407(a) are civil processes – execution, levy, attachment, garnishment, and operation of any bankruptcy or insolvency law. The few cases to consider whether the imposition of fees similar to intervention fees violates 42 U.S.C. section 407(a) have not reached uniform results. *Compare City of Richland*

---

[3] The principal opinion acknowledges Mr. Graves alleges he is bringing an action for declaratory judgment pursuant to section 527.020, RSMo 2016, which provides that any person whose rights, status, or legal relations are affected by a statute may have determined any question arising under the statute and obtain a declaration of rights thereunder. Nonetheless, the principal opinion states a claim relating to Mr. Graves' rights under section 42 U.S.C. section 407(a) is not ripe unless the division decides to collect unpaid fees. The principal opinion holds that, until then, Mr. Graves' rights are not affected by 42 U.S.C. section 407(a), so he cannot bring a declaratory judgment action pursuant to section 527.020, RSMo 2016. But Mr. Graves seeks a declaration settling whether 42 U.S.C. section 407(a) gives him the right not to pay the intervention fees he is currently obligated to pay as a condition of his probation. To say 42 U.S.C. section 407(a) does not affect his rights presupposes that it does not provide him with a right not to pay the intervention fees – the very issue about which Mr. Graves seeks a declaration.

6

*v. Wakefield*, 380 P.3d 459, 465-66 (Wash. 2016) (en banc) (holding a court order to pay $15 per month toward outstanding legal financial obligations violates 42 U.S.C. section 407(a) when the offender's only income is SSI), *with State v. Ingham*, 478 P.3d 799, 803 (Mont. 2020) (finding no violation when a court simply imposes a mandatory fine). No further factual development is necessary for a court to make an accurate determination of the facts and resolve, with specific relief of a conclusive nature, whether the imposition of intervention fees as a condition of Mr. Graves' supervised probation violates 42 U.S.C. section 407(a).[4]

Mr. Graves is not required to subject himself to the risk of sanctions, as the principal opinion holds, before he can maintain an action for declaratory judgment. "[A]lthough accomplished injury is not alleged, where a dispute as to legal rights is otherwise shown, a violation of those rights is not a precondition to the availability of declaratory adjudication." *Mo. All. for Retired Ams. v. Dep't of Lab. & Indus. Rels.*, 277 S.W.3d 670, 677 (Mo. banc 2009). To require otherwise would conflict "with one of the primary functions of a

---

[4] This opinion takes no position regarding whether the imposition of intervention fees as a condition of probation qualifies as "other legal process." Whether Mr. Graves may be entitled to a declaration in his favor is not relevant to whether his petition stated a claim upon which relief can be granted. *NAACP*, 601 S.W.3d at 246. As this Court recently stated:

> The test of the sufficiency of a complaint for a declaratory judgment is not whether it shows that plaintiff is entitled to a declaration in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. It follows that the complaint need not allege facts showing that plaintiff is entitled to a declaration in his favor, and a complaint which shows on its face that plaintiff is advancing an erroneous contention of law is not therefor insufficient.

*Id.* (emphasis omitted) (quoting *Transp. Mfg. & Equip. Co. v. Toberman*, 301 S.W.2d 801, 805 (Mo. banc 1957)). Therefore, Mr. Graves' claim is ripe for judicial review without regard to whether it is meritorious.

declaratory judgment, which is to resolve conflicts *before a loss occurs*." *Foster*, 352 S.W.3d at 360 (emphasis added). Because the controversy is sufficiently developed to allow the court to make an accurate determination of the facts, to resolve a conflict that is presently existing, and to grant specific relief with a conclusive character, it is ripe for adjudication. *Mo. Health Care Ass'n*, 953 S.W.2d at 621.

The principal opinion reaches the opposite conclusion because it determines the only action that could impact Mr. Graves' legal rights is a hypothetical future action the division might take to collect unpaid fees. It ignores that Mr. Graves is seeking a declaration that the division's present imposition of monthly intervention fees is prohibited by 42 U.S.C. section 407(a); that, upon his failure to pay, Mr. Graves accrued a debt; and that the division has the statutory power to contract with private entities for collection services to collect that debt, section 217.690.3, RSMo Supp. 2018, and to sanction him for his failure to pay, 14 C.S.R. 80-5.020(1)(I). The principal opinion states it is not reasonable to infer the division will take any further action to collect the intervention fee, but what the division may do later to collect is immaterial. The division has exercised its discretionary authority, under section 217.290.3, "to require the payment of a fee . . . from every offender placed under division supervision on probation, parole, or conditional release" by requiring Mr. Graves "to pay a $30 monthly intervention fee as a condition of his probation."

Consequently, the principal opinion holds the case is not ripe because the division has not decided whether it will compel Mr. Graves to pay the fees. It states the division's actions are merely "preliminary" and may lead to a decision or further action by the division. While the division's letter may be preliminary to further collection attempts or imposing sanctions,

8

imposing fees as a condition of Mr. Graves' probation is not merely preliminary. Mr. Graves claims the imposition of the $30 monthly intervention fee – not later collection attempts – qualifies as "other legal process" and violates 42 U.S.C. section 407(a). His payment of intervention fees is required, and unpaid fees are a legally enforceable debt.[5]

Having imposed the intervention fees, the division has made its final decision on the matter. There is no provision for a later "final determination that finds facts, applies the law to those facts, and construes the applicable statutes." *See Farm Bureau Town & Country Ins. Co. v. Angoff*, 909 S.W.2d 348, 353 (Mo. banc 1995). Nor is there a mechanism for review within the division of its decision to impose intervention fees as a condition of Mr. Graves' probation.

In the same vein, the principal opinion asserts that, due to regulations "ensur[ing] individuals who cannot pay the intervention fee will not be found in violation and forced to pay the fee," whether the division will decide to take further action to collect the fee is speculative.[6] But that is immaterial to whether Mr. Graves has a right, pursuant to 42 U.S.C.

---

[5] As discussed previously, the principal opinion considers only a claim relating to whether the division will decide to collect unpaid fees. As a result, it finds any controversy relating to that issue is not ripe, due in part to Mr. Graves not having requested a temporary, 90-day waiver of intervention fees. Mr. Graves' failure to request a waiver does not defeat his claim for a declaration that the imposition of monthly intervention fees violates 42 U.S.C. section 407(a) because he cannot raise through the waiver process the issue sought to be resolved by his declaratory judgment action. *See State ex rel. SLAH, L.L.C. v. City of Woodson Terrace*, 378 S.W.3d 357, 363 (Mo. banc 2012). Therefore, Mr. Graves' claim is ripe notwithstanding the fact he has not sought a temporary waiver.

[6] All the regulations "ensure" is that a probation officer certainly will sanction Mr. Graves if the officer decides his failure to pay is willful. "When willful nonpayment occurs over a period of ninety (90) consecutive days, the supervising officer *shall* submit notice of citation or violation report." 14 C.S.R. 80-5.020(1)(I)4 (emphasis added). If an offender is unable to pay due to insufficient income, regulations merely permit – but do not require – the fee to be

9

section 407(a), not to pay the monthly intervention fees he is currently obligated to pay as a condition of his probation and which, if not paid, constitute a legally enforceable debt. The division's imposition of intervention fees as a condition of probation is not subject to any further review within the division; commands Mr. Graves to pay a monthly fee; creates a legal obligation; and carries penalties for noncompliance. As a consequence, finding this case ripe is entirely consistent with *Missouri Ass'n of Nurse Anesthetists v. State Board of Registration for Healing Arts*, 343 S.W.3d 348, 355 (Mo. banc 2011), in which the controversy was ripe because the agency had solidified its position in regard to one of its policies, and *Missouri Soybean Ass'n v. Missouri Clean Water Commission*, 102 S.W.3d 10, 29 (Mo. banc 2003), in which the controversy was not ripe because the alleged rule did not require any change in the plaintiffs' conduct; did not command them to do anything, nor to refrain from doing anything; did not create any rights or obligations; and presented no possible penalty for noncompliance.

---

waived temporarily. "If an offender is unable to pay because of having insufficient income, fees *may* be waived in whole or in part." 14 C.S.R. 80-5.020(1)(H) (emphasis added). Additionally, the regulations the principal opinion cites, adopted to implement section 217.690.3, RSMo Supp. 2018, provide no procedural mechanism for administrative or judicial review of the decisions of probation officers pursuant to such regulations. *See* 14 C.S.R. 80-5.020. Nor is there a statutory procedure for review of a probation officer's decisions and actions pursuant to section 217.690.3, RSMo Supp. 2018, or the division's regulations. If probation officers' decisions regarding whether probationers willfully fail to pay and whether to impose sanctions are deemed agency decisions, division employees are impermissibly exercising judicial or quasi-judicial functions without a procedural mechanism for judicial review. "[W]hile the legislature may allow for judicial or quasi-judicial decision-making by legislative or executive (administrative) agencies," there must be an avenue for judicial review of those decisions. *Asbury v. Lombardi*, 846 S.W.2d 196, 200 (Mo. banc 1993).

**Conclusion**

I dissent from the principal opinion's analysis and holding that Mr. Graves failed to plead facts that would support a claim ripe for declaratory judgment. Mr. Graves' claim that the imposition of monthly intervention fees as a condition of his probation is "other legal process" that violates 42 U.S.C. section 407(a) is a justiciable controversy for which there is no adequate remedy at law. Because he states a claim for declaratory judgment, the Court should determine the circuit court erred in dismissing his petition, reverse its judgment, and remand the cause.

_____
PATRICIA BRECKENRIDGE, JUDGE